# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN P. GIVENS | CIVIL ACTION NO. 6:12-cv-2619 |
| LA. DOC #332701 | |
| VS. | SECTION P |
| | JUDGE HAIK |
| HOWARD PRINCE, WARDEN | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 by *pro se* petitioner John Phillip Givens on October 1, 2012.  Givens is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana where he is serving a life sentence imposed following his 2001 conviction for second degree murder entered in the Sixteenth Judicial District Court for St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

On January 11, 2001, petitioner was indicted for the second degree murder of his step-father Pat Monroe Oneal. [rec. doc. 11-2, pg. 55].  By Order dated January 18, 2001, the court granted the State's Motion to obtain fluid, tissue or hair samples from petitioner. [rec. doc. 8-2, pg. 164].   However, petitioner complains that hair found in the victim's

hand was never sent for DNA analysis.  Petitioner's pre-trial Motion to Suppress statements and admissions he made to various law enforcement and jail personnel was apparently denied. [*See* rec. doc. 8-2, pg. 35, ¶ 1].

Prior to trial, petitioner apparently pled not guilty and not guilty by reason of insanity.  However, petitioner complains that counsel withdrew petitioner's insanity plea and he therefore proceeded to trial.  On December 20, 2001, petitioner was found guilty as charged.  His motion for a new trial was denied on March 1, 2002. [rec. doc. 11-2, pp. 72-73].  On March 8, 2002, petitioner was sentenced to life imprisonment. [*See* rec. doc. 8-2, pg. 67].  Thereafter, petitioner's retained counsel, Anthony Thibodeaux, withdrew as counsel of record for petitioner. [rec. doc. 8-2, pg. 103].

**Direct Appeal**

Petitioner's conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeals on December 31, 2003. *State of Louisiana v. John Phillip Givens*, 2003-KA-0495 (La. App. 1 Cir. 2003), 864 So.2d 905 (Table).  Court-appointed appellate counsel argued two assignments of error in the First Circuit: (1) "The 911 tape, recounting what the victim told the operator, is inadmissible hearsay. The defendant was prejudiced by the trial court's error in admitting this testimony, because it tended to rebut the self-defense theory by providing specific intent to kill to Mr. Givens"; and (2) "The evidence is insufficient to prove the crime of second degree murder and proves self-defense, or in the alternative, nothing more than the crime of manslaughter." [rec. doc.

18-2, pg. 182-194, 186 (appellate brief); 195-209 (First Circuit's 12/31/03 decision)].

In a pleading post-marked February 5, 2004, and received and filed March 4, 2004, petitioner sought further direct review in the Louisiana Supreme Court.[1] [rec. doc. 18-2, pg. 3].  The Louisiana Supreme Court denied writs on July 2, 2004 without comment. *State of Louisiana v. John Phillip Givens*, 2004-KO-0550 (La. 2004), 877 So.2d 142. Petitioner did not seek further review in the United States Supreme Court.

**Application for Post Conviction Relief**

On November 19, 2004, petitioner filed an Application for Post-Conviction Relief in the Sixteenth Judicial District Court.  On February 20, 2005, petitioner filed a Supplemental Memorandum in Support of Post-Conviction Relief.  Petitioner raised ineffective assistance of trial counsel claims due to counsel's (Anthony Thibodeaux's) (1) failure to subpoena certain witnesses, including petitioner's mother and doctor, to testify at trial on petitioner's insanity at the time of the offense and incompetence to stand trial; (2) failure to investigate petitioner's competency at the time of the offense and incompetency to stand trial[2]; and (3) trial counsel's conflict of interest because counsel filed a Motion to Withdraw.  [rec. doc. 18-2, pg. 210-216, 226-232].  The State filed

---

[1]Petitioner has never provided this Court with a copy of the writ application he filed in the Louisiana Supreme Court on direct appeal as ordered by this Court.

[2]In his Supplemental Memorandum petitioner argued "On August 3, 2001 a motion to conduct an independent mental examination was filed on behalf of the State. The record indicates that no further action was taken by the State nor the defense. Therefore, the State concludes that competency was established.  In the case at bar, counsel failed to object to the order of the State's motions and allowed the trial to proceed." [rec. doc. 18-2, pg. 229].

responses to the Application on February 7, 2005 and October 28, 2005.[3] [rec. doc. 18-2, pg. 223-225, 233-236].

On January 11, 2006, the trial court granted appointed defense counsel Craig Colwart until March 31, 2006 to file any supplemental post-conviction claims on behalf of petitioner, and until April 28, 2006 for the State to Reply. [rec. doc. 8-2, pg. 75].

On September 20, 2006, the Court granted counsel's Motion to Form a Sanity Commission, and accordingly appointed Dr. James Blackburn and Dr. Henry LaGarde as members. [rec. doc. 8-2, pp. 76-79].  On December 7, 2006, a status conference was held, at which time the court noted that petitioner had not yet been evaluated by either doctor. [rec. doc. 8-2, pg. 80].  On October 30, 2007, another hearing was held, at which time the court, noting that Dr. Blackburn had requested petitioner's medical records, ordered defense counsel to provide these records to the doctor. [rec. doc. 8-2, pg. 85].

On December 11, 2007, the parties agreed to accept the report of Dr. Blackburn as his testimony relative to the issue of petitioner's competency at the time of the offense and

---

[3]On December 12, 2005, the Louisiana First Circuit Court of Appeals granted a writ application, filed by petitioner, and ordered the Sixteenth Judicial District Court to proceed toward disposition of petitioner's Application for Post-Conviction Relief. *State of Louisiana v. John Givens*, No. 2005-KW-2281. [rec. doc. 8-2, p. 74; 18-2, pg. 237-242].

During the delay, petitioner filed a *pro se* petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Louisiana on June 20, 2005.  On August 25, 2005, his petition was transferred to this Court and assigned Civil Action Number 6:05-cv-1578.  Meanwhile, on August 3, 2005, petitioner filed a petition for writ of *habeas corpus* in this Court which was assigned Civil Action Number 6:05-cv-1398.  These cases were consolidated. [*See* 6:05-cv-1578, rec. doc.  8; 6:05-cv-1398, rec. doc. 8].  Thereafter, on February 8, 2006, the consolidated action was dismissed without prejudice because petitioner had an Application for Post-Conviction Relief pending in the Sixteenth Judicial District Court. [ *See* 6:05-cv-1398, rec. docs. 12 and 13].

at the present time.  The defense also conceded that petitioner was competent to proceed with Post-Conviction proceedings.  Accordingly, the Court reset the hearing on petitioner's Post-Conviction Application. [rec. doc. 8-2, pg. 81].

On June 25, 2008, a hearing on Petitioner's Post-Conviction Application was held.[4] Evidence was presented by the defense.  The hearing was recessed until August 15, 2008 so that a subpoena could be issued to petitioner's trial counsel, Anthony Thibodeaux. [rec. doc. 8-2, p. 89].  The hearing was continued on August 15, 2008, and after the presentation of further evidence by the defense, the matter was taken under advisement. [rec. doc. 8-2, pg. 122].

On November 6, 2008, the trial court denied petitioner's Application for Post-Conviction Relief on the record, directing the Court's decision be transcribed, filed in the record and be served on counsel and petitioner. [rec. doc. 8-2, pg. 127-139]. The Court summarized the issue presented as follows:

> John Givens filed a request for post conviction relief . . . on the basis, primarily, that he had entered a plea of not guilty and not guilty by reason of insanity at the arraignment . . . but that prior to trial, his counsel or attorney of record, Mr. Anthony Thibodeaux, at a pre-trial hearing, changed his plea from not guilty and not guilty by reason of insanity to not guilty and the trial proceeded. . . depriving him of the right an opportunities and benefits afforded by the special response of a plea of not guilty and not guilty by reason of insanity.  [rec. doc. 8-2, pp. 128-129]

---

[4]  Hearings on petitioner's Post-Conviction Application were scheduled and subsequently reset on February 6, 2008 and April 18, 2008. [rec. doc. 8-2, pg. 86 and 88].

In denying relief, the trial court accepted the report of Dr. Blackburn of the Sanity Commission, who, prior to his August 6, 2007 evaluation of petitioner, reviewed "extensive information" including investigative reports of the murder, statements of petitioner during the investigation, witness statements, petitioner's medical records, records of petitioner's court appearances on other offenses, records of the trial and appeal and letters petitioner wrote while incarcerated, which established that petitioner was not presently suffering from any mental illness or defect that would impair his ability to cooperate in his defense, and further that petitioner was competent to proceed to trial and was not legally insane at the time of the offense.

The trial court also noted that petitioner's counsel, Mr. Thibodeaux, testified that he discussed the change of plea with petitioner prior to withdrawing the insanity plea. The Court also noted its own experience with petitioner in other cases, in which petitioner's competence was never questioned.

The trial court denied petitioner's claims "on the basis that there are no factual or legal support for his claims that he was suffering from some mental disability which would support his original plea of not guilty and not guilty by reason of insanity." Accordingly, the court found "that there would have been no benefit, virtually, to the claim of not guilty and not guilty by reason of insanity and, therefore, there was not a corresponding ineffective assistance of counsel . . . at the time and during the course of the trial." [*See Id.*].

6

Petitioner implies that he did not receive a copy of the trial court's November 6, 2008 ruling on his Post-Conviction Application until November 19, 2009. [rec. doc. 18-2, pg. 16].

Petitioner sought review of the trial court's denial of his Post-Conviction Application on December 29, 2009; the Application was received by the Clerk on January 13, 2010.  [rec. doc. 18-2, pg. 30-51, 74].  Petitioner argued that his trial counsel, Anthony Thibodeaux, was ineffective for withdrawing petitioner's plea of not guilty by reason of insanity. On March 26, 2010, the First Circuit denied writs without comment. [rec. doc. 18-2, pg. 75, *State v. Givens*, 2010-KW-0052 (La. App. 1st Cir. 2010) (unpublished)].

By pleading postmarked April 26, 2010 and received by the Clerk on April 30, 2010, petitioner sought an extension of time within which to file his writ application seeking review of the First Circuit's writ denial with the Louisiana Supreme Court; the case was assigned docket number 2010-OK-992. [rec. doc. 94].  On May 5, 2010,  the Central Staff of the Louisiana Supreme Court responded, advising that petitioner's "request for an extension of time has been filed and given the above number. You should send your application as soon as you are able, preferably within 60 days from the date of this letter. Your application will be filed as a supplement to the filing under the above number. The filing of your request for an extension and any supplemental application does not represent a finding by this Court that your filings are or are not timely." [rec.

7

doc. 18-2, pg. 96].  On July 6, 2010, petitioner requested another extension within which to file his writ application. On July 8, 2010, the Central Staff again responded stating "We have received your request for extension to file a brief. You send your application as soon as you are able, preferably within 30 days from the date of this letter. . ." [rec. doc. 18-2, p. 97].  On July 20, 2010, petitioner wrote a letter to the Clerk of the Louisiana Supreme Court advising that he was having trouble getting documents from the lower courts, but that he was "diligently pursuing the available facts" so that his brief could be timely filed. [rec. doc. 18-2, pg. 98].  In response dated July 23, 2010, the Central Staff returned petitioner's letter unfiled, explaining that complaints about a custodian's response to a records request must be by writ of mandamus in the district court, and then, in the event of an unsatisfactory response, the court of appeals. [rec. doc. 18-2, pg. 99].

Finally, on August 5, 2010, petitioner filed his writ application with the Louisiana Supreme Court. [rec. doc. 18-2, pg. 80-91].  In his rambling writ application, petitioner set forth numerous general rules of law derived from various cases (which appear to have no relevance to the claims presented to the lower courts) dealing with *Brady* obligations, the standards for acceptance of a valid plea, acceptance of a waiver of counsel, introduction of false testimony, standard and sufficiency of the evidence necessary for a claim of self defense and the standard and burdens for a claim of insanity.  Petitioner concludes by arguing that he is incompetent as evidenced by his receipt of social security disability and supplemental security benefits, and that  the report rendered by the sanity

8

commission was "one-sided" and "totally biased." *Id.*

Petitioner also filed a Supplemental Brief with the Louisiana Supreme Court in which he argues an intentional suppression and deliberate withholding of evidence by the prosecution and ineffective assistance of counsel for failure to pursue "the plethora of avenues available within the scope of the instant case." [rec. doc. 18-2, pg. 76-79].

The Louisiana Supreme Court denied writs without comment on April 29, 2011. *See State of Louisiana ex rel. John P. Givens v. State of Louisiana*, 2010-OK-0992 (La. 4/29/2011), 62 So.3d 102.[5]

**DNA Testing**

On February 14, 2011 petitioner filed an application for post-conviction relief seeking DNA testing pursuant to Louisiana Code of Criminal Procedure article 926.1. [rec. doc. 18-2, pg. 117-119].  The court apparently appointed Gary F. LeGros, Jr. to represent petitioner in this proceeding.  On May 3, 2011, a hearing on this application was held.  At that time, the trial court asked counsel to meet in an attempt to resolve discovery

---

[5]Petitioner apparently took the Louisiana Supreme Court's Central Staff's advice and filed a writ of mandamus in the Louisiana First Circuit Court of Appeal seeking production of documents.  The First Circuit denied petitioner's request for a writ on November 15, 2010, finding the application for mandamus relief moot because the lower court had already acted on petitioner's request for documents on April 22, 2010.  *State of Louisiana v. John P. Givens*, 2010-KW-1497 (La. App. 1st Cir. 11/15/2010). [rec. doc. 18-2, pg. 103].  Petitioner sought rehearing in the First Circuit.  On January 5, 2011, the First Circuit refused to consider petitioner's request pursuant to Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 and 4-9, because an appellate court will not consider a request for rehearing when the original writ was denied. [rec. doc. 18-2, pg. 109].  Petitioner's request for writs in the Louisiana Supreme Court was denied on January 13, 2012.  *State of Louisiana ex rel. John P. Givens v. State of Louisiana*, 2010-KH-2840 (La. 1/13/2012), 77 So.3d 960.  The court cited *State ex rel. Bernard*, 653 So.2d 1174 (La. 1995) as the basis for its ruling.  *Bernard* holds that an inmate may file for post-conviction relief without supporting documentation.

issues.  Thereafter, defense counsel stated that the Clerk of Court had produced the requested documents and that the District Attorney had agreed to provide additional documents by July 7, 2011.  Accordingly, a hearing on petitioner's application was set for July 7, 2011. [rec. doc. 8-2, pg. 94].

At the July 7, 2011 hearing, defense counsel informed the court that petitioner was requesting that items 4 and 5 of the Acadiana Crime Lab report, scrapings and hair samples, be submitted for DNA testing.  After argument of counsel, the Court directed briefs be filed, and took the matter under advisement. [rec. doc. 8-2, pg. 91].  Mr. LeGros filed a post-hearing brief on behalf of petitioner on July 29, 2011. [rec . doc. 18-2, pg. 137-138].  On September 27, 2011, the trial court denied relief finding the petitioner did not offer sufficient evidence that the testing would establish his innocence by clear and convincing evidence.[6] [*See* rec. doc. 18-2, pg. 140-143].

On October 24, 2011, petitioner sought review in the Louisiana First Circuit Court of Appeals. [rec. doc. 8-2, pg. 146-149; 18-2, pg. 144].  The First Circuit denied writs on February 13, 2012 without comment.  *State of Louisiana v. John P. Givens*, No. 2011-KW-1978 (La. App. 1st Cir. 2011) (unpublished). [rec. doc. 8-2, pp. 174].  Petitioner then sought review in the Louisiana Supreme Court on March 8, 2012. [rec. doc. 8-2, pg. 150-162].  On September 12, 2012, the Louisiana Supreme Court denied petitioner's request

---

[6]Prior to the trial court's ruling, petitioner sought mandamus relief in the First Circuit Court of Appeal.  However relief was denied on July 18, 2011 because the court was advised that the lower court was moving toward disposition of petitioner's application.  *State v. Givens*, 2011 KW 0675 (La. App. 1st Cir. 7/18/2011) [rec. doc. 18-2, pg. 111].

for review without comment. *State of Louisiana ex rel. John P. Givens v. State of Louisiana*, 2012-KH-0486 (La. 2012), 98 So.3d 815. [rec. doc. 8-2, p. 181].

**The Instant Petition**

Petitioner filed a letter with this Court on October 1, 2012 referencing the docket number of the federal *habeas* petition that petitioner had previously filed in the United States District Court for the Eastern District of Louisiana, which was subsequently transferred here, consolidated with another *habeas* action pending in this Court and thereafter dismissed without prejudice. [rec. doc. 1].   The letter sought no relief and alleged no Constitutional issues.  However, out of an abundance of caution, the letter was deemed a deficient *habeas corpus* petition; petitioner was provided the appropriate form and directed to file his claims thereon. [rec. doc. 4].

On November 5, 2012, petitioner filed his petition on this Court's form, along with a memorandum in support. [rec. docs. 8 and 8-1]. It was unclear what claims petitioner was actually asserting, given that petitioner stated different allegations in his standardized petition, in his issues presented section of his memorandum in support and the body of his memorandum in support.[7]  Accordingly, on March 11, 2013, the undersigned ordered

_____

[7]The Court noted that it appeared that petitioner was seeking to raise the following claims for relief: (1) petitioner was coerced into a confession by the investigating officers who took advantage of his alleged brain injury, which was later improperly used against petitioner at trial; (2) ineffective assistance of retained trial counsel, Anthony Thibodeaux, because counsel (a) improperly withdrew petitioner's plea of not guilty by reason of insanity, thereby never obtaining a pre-trial ruling on petitioner's competency to proceed to trial, (b) proceeded to trial without first obtaining DNA testing of hair found in the victim's hand, (c) presented a theory of self-defense thereby opening the door to hearsay evidence (the 911 call), (d) failed to object to other crimes evidence, (e) failed to object to an indirect reference to petitioner's failure to testify at trial, and (f) failed to move for a mistrial after inadmissible

petitioner to "provide a list setting forth  EACH CLAIM he is attempting to assert in this Court." [rec. doc. 15].  Petitioner was warned that his failure to provide a list would result in this Court's assumption that petitioner asserts only those claims listed by this Court in the order. [*Id.*].

In response, petitioner filed another supplemental standardized petition and a memorandum in support of relief. [rec. doc. 18 and 18-1]. In this rambling pleading, petitioner asserts only claims of ineffective assistance of counsel and trial court error. More specifically, petitioner asserts the following claims for relief:  (1) ineffective assistance of post-conviction counsel Craig Colwart (the attorney appointed to represent petitioner in his first application for post-conviction relief) and Gary LeGros (the attorney appointed to represent petitioner in his second application for post-conviction relief seeking DNA testing);  (2) ineffective assistance of trial counsel, Anthony Thibodeaux, for (a) for abandoning the insanity defense,  (b) for failing to obtain an independent evaluation of petitioner's competency, (c) for failing to subpoena witnesses, including petitioner's mother, for trial, (d)  for failing to seek DNA testing to identify "the real assailant", (e) for failing to move for discovery to obtain exculpatory evidence, and (f) conflict of interest for failing to urge and thereby admit ineffectiveness on direct appeal;

---

evidence was presented;  (3)  ineffective assistance of post-conviction counsel, Craig Colwart, who had previously been suspended from the practice of law, because he failed to move petitioner's post-conviction proceedings to an expeditious conclusion; (4) that petitioner's life sentence was excessive; (5) that there was insufficient evidence to support petitioner's conviction; and (6) that the victim's  911 call was improperly admitted into evidence.

and (2) trial court error using the wrong standard of review to determine petitioner's competency.  [*See* rec. doc. 18-1].

## LAW AND ANALYSIS

In light of the above procedural history, it is clear that petitioner's claims are technically defaulted.  He has failed to fully and properly exhaust all available State court remedies prior to filing his federal *habeas corpus* petition and any attempt to litigate these claims in the Louisiana state courts at this time would be futile.

### *Exhaustion of State Court Remedies and Procedural Default*

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each federal constitutional claim to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Further, exhaustion requires that any claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claim. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Moreover, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,*

14

526 U.S. 838, 119 S.Ct. 1728 (1999);  *Magouirk v.  Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v.  Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th  Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).  In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of his federal Constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

The undersigned has sifted through the various pleadings filed by the petitioner and identified, to the extent possible, the claims which petitioner may be asserting in this Court.  None of these claims, however, have been fully and properly exhausted in the Louisiana state courts.  These claims are discussed briefly below.

## I.  Coerced confession improperly admitted into evidence

Petitioner did not raise this claim on direct appeal or in any post-conviction

proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

## II. Ineffective Assistance of Trial Counsel

> ### (A) Counsel improperly withdrew petitioner's plea of not guilty by reason of insanity, thus depriving petitioner of a pre-trial competency ruling, and of thereby abandoning the insanity defense.

Petitioner raised this claim in the District Court in his first application for post-

conviction relief, and in-artfully attempted to assert the claim before the Louisiana First

Circuit Court of Appeal.  However, petitioner did not fairly present his ineffective

assistance of counsel claim to the Louisiana Supreme Court.  Instead, in his writ

application and supplemental brief, petitioner cited irrelevant general principles of law,

and argued that he is, in fact, incompetent.  Thus, petitioner did not properly exhaust

available State court remedies with respect to this claim.

Furthermore, it is clear that the Louisiana Supreme Court was denied a fair

opportunity to review any claim presented by petitioner because petitioner's writ

application was clearly untimely filed and therefore, never presented in a procedurally

proper manner.  Under Louisiana Supreme Court Rule X, § 5(a), petitioner had 30 days

following the First Circuit's writ denial to apply for review in the Louisiana Supreme

Court.  Although petitioner requested two extensions of this time limitation,  Rule X,

§ 5(a) expressly states that no extensions of time will be granted.[8]   The Central Staff advised petitioner of this fact explaining that the filing of petitioner's request for an extension "does not represent a finding by this Court that your filings are or are not timely." [rec. doc. 18-2, pg. 96].  Petitioner did not file his writ application until August 5, 2010, well after the thirty day period expired.

Finally, even if this Court were to reach the merits, petitioner is entitled to no relief.  Petitioner was ultimately found competent at the time of the offense and competent to stand trial during post-conviction proceedings.  Accordingly, petitioner suffered no prejudice by his counsel's alleged failure to pursue an insanity defense. Moreover, given the determination of petitioner's competence, there was no basis for counsel to have maintained petitioner's insanity plea.  Counsel cannot therefore be deemed constitutionally ineffective.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984) (establishing a two prong test for ineffective assistance of counsel claims, that counsel's  performance was deficient and that the deficiency prejudiced the defense); *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) and *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998) (requiring a petitioner to satisfy both prongs of *Strickland* to be entitled to relief).

---

[8] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . . No extension of time therefor will be granted."

*(B) Counsel Proceeded to Trial without First Obtaining DNA Testing of Hair Found in the Victim's Hand to identify "the real assailant"*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

*(C) Counsel Presented a Theory of Self-Defense thereby Opening the Door to Hearsay Evidence (the 911 call)*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

*(D) Counsel Failed to Object to Other Crimes Evidence*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

*(E) Counsel Failed to Object to an Indirect Reference to Petitioner's Failure to Testify at Trial*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

*(F) Counsel Failed to Move for a Mistrial after Inadmissible Evidence was Presented*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

*(G) Counsel Failed to Obtain an Independent Evaluation of Petitioner's Competency*

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

**(H) Counsel Failed to Subpoena Witnesses, including Petitioner's Mother, at Trial**

Petitioner raised this claim in his first application for post-conviction relief. However, he did not raise the claim in his writ application to the First Circuit Court of Appeal. Accordingly, petitioner did not fully and properly exhaust available State court remedies with respect to this claim.

**(I) Counsel failed to move for discovery to obtain exculpatory evidence**

Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding. Accordingly, state court remedies remain unexhausted as to the claim.

**(J) Counsel Represented Petitioner under a Conflict of Interest**

Petitioner raised a conflict of interest claim in his first application for post-conviction relief based on counsel's having filed a motion to withdraw. However, he did not raise the claim in his writ application to the First Circuit Court of Appeal. Moreover, petitioner never raised any other conflict claim, and more specifically, any conflict claim based on any alleged failure to urge or admit ineffectiveness in any Louisiana state court. Accordingly, state court remedies remain unexhausted as to the claim.

## III. Ineffective Assistance of Post-Conviction Counsel

Petitioner claims that the attorneys who were appointed to represent him in both post-conviction proceedings in the Sixteenth Judicial District Court rendered ineffective assistance of counsel. This claim was never raised in the Louisiana State Courts. The claim is therefore unexhausted.

19

Furthermore, even if the claim was exhausted, petitioner is entitled to no relief because "the Sixth Amendment does not apply in *habeas* proceedings." *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.  2013) *citing Shamburger v. Cockrell*, 34 Fed. Appx. 962 (5th Cir. 2002) (unpublished) and *Pennsylvania v. Finley*, 481 U.S. 551, 555–56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).  Simply stated, "[b]ecause appointment of counsel on state *habeas* is not constitutionally required, any error committed by an attorney in such a proceeding 'cannot be constitutionally ineffective.' " *Sepulvado*, 707 F.3d at 554 *quoting Fairman v. Anderson*, 188 F.3d 635, 643 (5th Cir. 1999) and *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

## IV.  Excessive Sentence

Petitioner alleges that his life sentence is excessive.  Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

## V.  Insufficiency of the Evidence and Improper Admission of Hearsay Evidence

Petitioner argues that there was insufficient evidence to support his conviction and that the victim's 911 call was improperly admitted into evidence.  Both of these claims were raised by petitioner on direct appeal in the First Circuit Court of Appeal, which, in its December 31, 2003 decision, addressed each claim on the merits.  However, petitioner's *pro se* writ application to the Louisiana Supreme Court was not filed, until at the earliest, February 5, 2004. [*See* rec. doc. 18-2, pg. 3].  Under Supreme Court Rule X §

5(a), the writ application was not timely filed.  Accordingly, the Louisiana Supreme Court was denied a fair opportunity to review petitioner's claims as the claims were not properly before the court in a procedurally correct manner.

## VI.  Trial Court's Application of an Erroneous Standard of Competency

Petitioner claims that the trial court applied an incorrect standard to determine petitioner's competency in post-conviction proceedings.  Petitioner did not raise this claim on direct appeal or in any post-conviction proceeding.  Accordingly, state court remedies remain unexhausted as to the claim.

Furthermore, even if the claim had been properly raised and exhausted, errors in state post-conviction proceedings do not, in and of themselves, entitle a petitioner to federal *habeas* relief. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th  Cir. 1997) *citing Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state *habeas* proceedings do not constitute grounds for relief in federal court."); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state *habeas* proceeding does not entitle the petitioner to *habeas* relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted); *Morris v. Cain*, 186 F.3d 581, fn. 6 (5th Cir. 1999); *Mathis v. Dretke*, 124 Fed. Appx. 865, 871 (5th Cir. 2005). Absent a showing of Constitutional error at the trial or direct review stage a federal *habeas* court lacks the authority to grant *habeas corpus* relief for errors alleged to have occurred during the collateral review process. *See Id.*

21

***Technical Procedural Default***

As outlined above, petitioner has failed to fully and properly exhaust available state court remedies on the claims asserted herein.  Petitioner cannot now return to the Louisiana courts to litigate these claims in an application for post-conviction relief because the claims would be subject to dismissal as time-barred. *See* La. C.Cr.P. art. 930.8.[9]  Furthermore, any third application for post-conviction relief would be subject to dismissal as successive or repetitive. *See* La. C.Cr.P. art. 930.4.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present the claims to the state courts and is thereafter barred from seeking relief in those  courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th  Cir. 1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998).   In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

This court may therefore refuse to review petitioner's claims unless petitioner demonstrates that he should be excused from application of the procedural default

_____

[9]Providing a two year limitation period within which to file for state post-conviction relief, generally running from the date the conviction becomes final.

doctrine by showing cause and prejudice for the default[10] or that a miscarriage of justice

will result from the denial of federal *habeas* review.[11]  *See Finley*, 243 F.3d 215, 220-221

(5th Cir. 2001); *Coleman*, *supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113

L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*,

518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*,

477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,

108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting*

*McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default was his failure to properly and timely present the

substance of his federal *habeas corpus* claims to the Louisiana state courts.  This failure

was clearly not "an impediment external to the defense."  Thus, petitioner has not shown

"cause" for his default.   This court therefore need not consider whether there is actual

---

[10]In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[11]In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904.  To support this assertion, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) *quoting McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

prejudice.  *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Likewise, petitioner has not shown that, as a factual matter, he is actually innocent of the crime for which he was convicted, and, thus, he will not suffer a fundamental miscarriage of justice from this Court's failure to consider his claims. [12]  Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For the reasons set forth above, petitioner's claims are technically procedurally defaulted.  Therefore, this court is precluded from reviewing the merits of these claims.

Therefore;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

---

[12] The undersigned notes that petitioner filed a self-serving affidavit in state court proclaiming his innocence in support of his request for DNA testing.  The trial judge found the affidavit of no evidentiary value as follows:

"On February 16, 2011, the defendant filed an affidavit in support of factual innocence of Second Degree Murder. John Givens dos not offer evidence that the test results will establish his innocence by clear and convincing evidence. . . .  The trial testimony and evidence establish an acrimonious relationship between Givens and the victim, his Step-Father. The relationship deteriorated to such a degree that the victim called 911 in advance of an explosive confrontation (with the Defendant) which lead (sic) to his death. The evidence of a significant physical confrontation between the Defendant and the victim diminishes the Defendant's claims of innocence and/or self defense. Finally, Givens accuses another person of the crime without any supporting evidence and fails to met (sic) the burden of clear and convincing evidence of innocence. "

[rec. doc. 18-2, pg. 140-143].

Given the above analysis, and based on the facts recited by the First Circuit Court of Appeal on direct appeal [rec. doc. 18-2, pg. 195-209], any claim of actual innocence by petitioner, his self serving affidavit notwithstanding, is not supported in the record.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the**

**memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana January 10, 2014.


_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE


Copy sent:  RTH
On:  1/13/2014
By:  MBD

26